CONCEJO DE ADMINISTRACIÓN MUNICIPAL DE YAUCO, DEMANDANTE Y APELANTE, *v.* ASAMBLEA MUNICIPAL DE YAUCO, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso de *certiorari*. Moción sobre desestimación de apelación.

No. 2852.—Resuelto en enero 19, 1923.

DESESTIMACIÓN DE APELACIÓN—CUESTIÓN ACADÉMICA.—Siendo la cuestión en litigio si la Asamblea Municipal de Yauco tiene facultad para conceder licencia al Comisionado de Beneficencia para ausentarse de esta isla, ningún resultado práctico puede tener la resolución de tal cuestión en apelación cuando dicho comisionado ha hecho uso de tal licencia y ha tomado posesión otra vez de su cargo, por lo que procede la desestimación del recurso.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. C. del Toro Fernández.*

Abogados de la apelada: *Sres. C. Brunet* y *T. Paz Ruiz.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Se nos pide que desestimemos esta apelación porque su resolución no tendría ahora finalidad práctica.

El Concejo de Administración Municipal de Yauco negó una licencia al comisionado de beneficencia para ausentarse de esta isla, pero posteriormente se la concedió la asamblea municipal. Entonces el Concejo de Administración acudió a la Corte de Distrito de Ponce con una petición de *certiorari* para que anulase ese acuerdo de la asamblea municipal alegando que ésta no está autorizada para conceder tal licencia por corresponder esa facultad al concejo de administración.

La corte libró el auto interesado pero despés de oir a las partes lo anuló, estableciéndose entonces esta apelación.

La parte apelada nos presenta en apoyo de su moción de desestimación una certificación creditiva de que el comisionado de beneficencia se ha posesionado otra vez de su cargo al expirar su licencia, pero la apelante alega que tal hecho no destruye la finalidad práctica que persigue en su apelación porque mientras no se anule por el tribunal la ordenanza de la asamblea municipal concediendo dicha licencia sería ilusorio que el concejo de administración formulara cargos por abandono voluntario de destino contra el expresado comisionado pues la asamblea municipal no iría contra sus propios actos, abroquelándose en la pretendida validez de su ordenanza, y porque de consentirse que la asamblea municipal invada facultades privativas del concejo de administración surgiría la discordia entre los dos cuerpos y se fomentaría la indisciplina de sus funcionarios.

Puede ser que surjan todos los inconvenientes que prevee la parte apelante pero estando ya cumplida la ordenanza cuya validez es objeto de esta apelación a nada práctico conduciría en este caso que decidiéramos que la asamblea municipal no tenía facultad para conceder la expresada licencia, después que el comisionado la ha disfrutado y ha vuelto a tomar posesión de su cargo. Si la anuláramos no podría impedirse el hecho realizado de haber sido disfrutada la licencia. Según dijimos en el caso de *Bianchi* v. *Pierazzi*, 25 D. P. R. 631, las cortes no están constituídas para establecer reglas que sirvan de norma futura a las personas.

La apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Hutchison y Franco Soto.